The suit is a contest between two sets of liquidators of the corporation for control.

J. J. Meredith and R. R. Redditt, styling themselves as judicial liquidators, excepted to the petition of plaintiff on various grounds. Among them was as to the right of plaintiff to question the control or liquidation of the affairs of the Pine Grove Academy for any cause.

The exceptions were sustained, and the suit was dismissed.

[3] The two charters of the Pine Grove Academy do not provide for the dissolution of the corporation. Therefore the board of trustees, whether of the first or second corporation, were without authority to declare the corporation dissolved. Neither was there provision in either charter for the liquidation of the affairs of the corporation, and the board of trustees were therefore without authority to undertake the liquidation of it. As the corporation was a creature of the Legislature, and as no contract rights under the several charters were violated by the Legislature, it (the Legislature) was the only one authorized to provide for, and to fix the manner of, the liquidation of this defunct corporation. There were certainly no stockholders to be consulted; and, if there are any individuals or persons who are creditors in any form of the Pine Grove Academy, their interests are not affected by the decision in this cause, as they are not parties thereto. The exceptions should have been overruled.

It is therefore ordered, adjudged, and decreed that the judgment herein rendered maintaining the exceptions filed by the defendants is annulled, avoided, and reversed; and it is now ordered that said exceptions are overruled, and that the trial of this case be proceeded with in accordance with law. Costs of appeal to be paid by defendants.

O'NIELL, J., concurs in the decree.

───────

(71 South. 213)

No. 21784.

FRANEK v. BREWSTER et al.

In re JACOBS et al.

(Feb. 21, 1916. Rehearing Denied March 20, 1916.)

*(Syllabus by Editorial Staff.)*

1. APPEAL AND ERROR ⬥═380 — APPEAL BONDS—SUFFICIENCY OF SURETIES.

Act No. 41 of 1894 authorizes certain corporations to become surety upon bonds required by law, and provides in section 6 that, if the secretary of state be satisfied that such a company is solvent and has the required cash capital and surplus assets in excess of its capital stock, outstanding debts, and premium reserve, and that it has complied in all respects with

and is qualified under that act, he shall issue to it a certificate that it is authorized to become and be accepted as surety on all bonds required or permitted by law, and that such certificate shall be conclusive proof of its solvency and credit for all purposes and of its right to be so accepted as surety and its sufficiency as such. Act No. 71 of 1904 provides that surety companies doing business in the state shall deposit with the state treasurer in money or securities at least $50,000, to be held subject to any claim, liens, or judgments against them in the state, or arising from any contract entered into in the state. *Held* that, where a fidelity and bonding company had duly qualified to do business, and held the certificate of the secretary of state to that effect at the time it signed an appeal bond, it continued to be a sufficient surety on such bond, notwithstanding its subsequent retirement from business in the state leaving a $50,000 deposit in the hands of the treasurer for protecting such bonds as were outstanding.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2023–2028; Dec. Dig. ☞ 380.]

2. PRINCIPAL AND SURETY ☞54 — SURETY' COMPANY—CERTIFICATE—APPEAL BONDS.

Under Act No. 41 of 1894, § 6, where a surety company executing an appeal bond had qualified to do business and held the certificate of the secretary of state to that effect, the court could not go behind the certificate and inquire into the charter powers of such company and the sufficiency of its paid-up capital.

[Ed. Note.—For other cases, see Principal and Surety, Dec. Dig. ☞54.]

Action by Joseph Franek against H. C. Brewster and others. An appeal by Thomas N. Jacobs and others from judgments against them was dismissed, and they apply for a writ of prohibition. Judgment dismissing appeal set aside, and appeal reinstated.

W. S. Lewis, of New Orleans, for applicants Jacobs and Interstate Trust & Banking Co. Theodore Cotonio, of New Orleans, for respondent Succession of Franek.

PROVOSTY, J. Pending an appeal in this case the surety on the appeal bond was, on a rule taken for that purpose, declared by the trial court to be insufficient, and the appeal was dismissed.

[1] The facts are that the surety on the bond, the Texas Fidelity & Bonding Company, had duly qualified under the provisions of Act No. 41, p. 45, of 1894 (held in Moffet v. Koch, 106 La. 371, 31 South. 40, and Eichorn v. N. O. & C. Light & Power Co., 114 La. 714, 38 South. 526, 3 Ann. Cas. 98, to be consitutional) to do business in this state, and held the certificate of the secretary of state to that effect at the time it signed said bond, but that at the time the rule for testing the sufficiency of the surety was taken it had retired from business in this state, leaving a $50,000 deposit in the hands of the treasurer of the state in accordance with the provisions of Act No. 71, p. 185, of 1904, for protecting such bonds subscribed by it as were outstanding. Under these circumstances the said surety continued to be sufficient.

[2] The learned counsel of the appellee would go behind the certificate of the secretary of state issued to said company for doing business in this state and inquire into the charter powers of said company and into the sufficiency of its paid-up capital. The door upon such inquiry is closed by express provision of section 6 of said Act No. 41 of 1894.

The judgment dismissing the appeal in this case is therefore set aside, and the appeal is hereby reinstated; the costs of the present proceeding to be paid by Frances Alfano, widow of Joseph Franek, individually for one half, and as administratrix of the succession of Joseph Franek for the other half.